**In re Daniel J. SULLIVAN, Debtor.**

**Bankruptcy No. 87–03570T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 28, 1989.

---

Joseph B. Finlay, Pincus, Reich, Hahn, Dubroff & Ganz, P.C., Philadelphia, Pa., for debtor.

James J. O'Connell, U.S. Dept. of Justice, Philadelphia, Pa., Asst. U.S. Trustee.

David S. Fishbone, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for Thomas A. O'Neil, Jr.

Charles M. Golden, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for Obermayer, Rebmann, Maxwell & Hippel.

David A. Kasen, Kasen, Kasen & Braverman, Cherry Hill, Pa., for MMRT Associates.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

The United States Trustee's Office and two of debtor's creditors, Thomas A. O'Neil, Jr. and Obermayer, Rebmann, Maxwell & Hippel ("movants") have each filed a motion to appoint a trustee, or in the alternative, to convert or dismiss this chapter 11 case. Because we find that movants have met their burden of establishing "cause" under 11 U.S.C. § 1104(a)(1) and that appointment of a trustee is in the interest of creditors and the estate, we grant the motion to appoint a trustee. However, at this time, we deny the motion to convert or dismiss this case.

1. Debtor maintains that some of this money was given to him in the form of a loan, yet no prior court approval of this financing was obtained.

2. Debtor's residence is a major asset of the estate.

This chapter 11 case was commenced by debtor on June 16, 1987. Since that time, debtor has not filed any monthly operating reports or income tax returns, despite the fact that debtor has received income during the pendency of this case from relatives, a creditor and a letter of credit held by SSG Associates, a partnership in which debtor is a partner.[1] Furthermore, debtor has not kept accurate books and records and has not remained current on his real estate tax obligations[2] or on the quarterly fees owed to the United States Trustee's Office. Additionally, prior to the commencement of this case, debtor received funds from an insurance carrier intended to reimburse physicians who rendered services to debtor, but debtor did not remit these funds to the physicians. Moreover, debtor did not file a plan until December 16, 1988 and then did nothing to pursue confirmation until these motions were filed. Furthermore, when it became apparent that debtor's plan could not be confirmed over the objection of debtor's creditors, debtor amended his schedules to reflect that these creditors' claims were disputed.

11 U.S.C. § 1104(a) governs appointment of a trustee in a chapter 11 case and mandates appointment of a trustee when the court finds "cause"[3] or that the appointment of a trustee is in the interests of creditors, any equity security holders and the estate. Although appointment of a trustee in a chapter 11 proceeding should be the exception rather than the rule, the decision to appoint a trustee is within the discretion of the bankruptcy court. *In re Sharon Steel Corporation*, 871 F.2d 1217 (3rd Cir.1989).

Instantly, after reviewing the evidence, we conclude that movants have met their burden of proving, by clear and convincing evidence, that cause exists for the

3. "Cause" under § 1104(a)(1) is defined to include fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor either before or after the commencement of the case. 11 U.S.C. § 1104(a)(1).

appointment of a trustee and that appointment of a trustee is in the interests of creditors and the estate.[4] *In re Sharon Steel Corporation, supra.* Debtor's failure to file monthly operating reports and income tax returns, to report income, to remit payment of insurance proceeds to the beneficiaries and to pay real estate taxes and quarterly fees all serve as indicia at least of gross mismanagement of the estate and establish debtor's failure to fulfill his fiduciary duties as a debtor-in-possession. These facts also signify that appointment of a trustee is in the interests of creditors and the estate.

We next address the request that this case be converted or dismissed pursuant to 11 U.S.C. § 1112(b). Under § 1112(b), the burden is on movants to establish "cause," which can include any of the grounds enumerated in § 1112(b) or other factors, however, the decision to convert or dismiss is within the discretion of the bankruptcy court. *See, In re Blue Jay Enterprises,* Bankr. No. 86–04923F (Bankr. E.D.Pa. January 11, 1989); *Collier on Bankruptcy,* 15th Ed. § 1112.03 at 1112–14. Instantly, we conclude that the problems encountered in the administration of the estate to date may very well be remedied by the appointment of a trustee. Accordingly, we find that the request for conversion or dismissal is premature at this time and we deny this portion of the motions.

An appropriate order will follow.

### ORDER

AND NOW, this 28th day of December, 1989, it is ORDERED that: (1) the motions filed by the United States Trustee's Office, Thomas A. O'Neil, Jr. and Obermayer, Rebmann, Maxwell & Hippel ("movants") requesting appointment of a trustee pursuant to 11 U.S.C. § 1104(a)(1) and (2) are GRANTED; and (2) the United States Trustee is DIRECTED to appoint an interim trustee in this case; and (3) movants'

4. There are no equity security holders in this case.

motions requesting conversion or dismissal of this chapter 11 case are DENIED.